# ATTORNEY GENERAL OF TEXAS

## GREG ABBOTT

September 17, 2003

The Honorable José R. Rodríguez
El Paso County Attorney
El Paso County Hospital District Legal Unit
4815 Alameda, 8th Floor, Suite B
El Paso, Texas 79905

Opinion No. GA-0102

Re: Authority of Board of Managers of El Paso County Hospital District to delegate its authority to credential its medical staff and allied health professionals (RQ-0045-GA)

Dear Mr. Rodríguez:

You ask whether the Board of Managers of the El Paso County Hospital District (the "Board"), as the governing authority of R.E. Thomason Hospital, may delegate its authority to credential the hospital's medical staff and allied health professionals to its professional affairs committee.[1]

The El Paso County Hospital District operates R.E. Thomason Hospital. Request Letter, *supra* note 1, at 1. The hospital's medical staff bylaws prescribe the procedure for credentialing applicants seeking initial appointment or reappointment as hospital medical staff or allied health professionals. *Id.* at 1-2. The hospital's medical staff includes licensed physicians, dentists, and podiatrists, and its allied health professionals include advance practice nurses, physician's assistants, and perfusionists or autotransfusionists.[2] Under the bylaws, a practitioner seeking initial appointment and privileges, or reappointment and renewal of privileges, initiates the credentialing process by submitting an application. The application must be approved by the applicant's clinical department, the credentials committee, the medical executive committee, and finally the Board. Manual, *supra* note 2, at 5-7. If the medical executive committee or the Board gives the applicant a tentatively unfavorable recommendation, the applicant may ask for a hearing. The applicant may seek a review of the hearing by the professional affairs committee.[3] Manual, *supra* note 2, at 5-7.

---

[1]Letter from Honorable José R. Rodríguez, County Attorney, El Paso County, Texas, to Honorable Greg Abbott, Texas Attorney General at 1 (Apr. 17, 2003) (on file with Opinion Committee) [hereinafter Request Letter].

[2]*See* R.E. Thomason General Hospital Medical Staff Credentialing Manual at 4, 11 (on file with Opinion Committee) [hereinafter Manual]; telephone call with Connie Crawford, Assistant County Attorney, El Paso County, Texas (Aug. 21, 2003).

[3]The professional affairs committee is composed of two members of the Board, the chief executive officer, the chief of staff, the chief of staff-elect, the immediate past chief of staff, a representative of house staff to be designated

(continued...)

In all cases the Board makes the final decision approving or disapproving an application. *Id.* at 7; Request Letter, *supra* note 1, at 2.

You state that the process can take as long as four months. Request Letter, *supra* note 1, at 2. Because of the lengthy process, an applicant seeking reappointment may not receive the Board's final approval before the applicant's current membership or privileges expire. *Id.* To avoid such a lapse before final approval, the professional affairs committee has asked the Board to amend the Board's bylaws and the medical staff bylaws to authorize the committee to grant temporary reappointments and clinical privileges for a period not to exceed thirty days. *Id.*

You contend that the Board's authority to delegate its credentialing responsibilities may be found by harmonizing the Board's statutory powers in chapter 281 of the Texas Health and Safety Code, hospital licensing requirements in chapter 241 of the Code and related administrative rules, and certain hospital accreditation standards. *Id.* at 2-3. We first review the statutes, rules and standards pertinent to the Board's authority concerning its medical staff, and subsequently consider its authority concerning its allied health professionals.

The El Paso County Hospital District was organized under the predecessor to chapter 281 of the Texas Health and Safety Code. *Id.* at 3. The Code vests the Board with the power to manage, control, and administer a district hospital or hospital system. TEX. HEALTH & SAFETY CODE ANN. § 281.047 (Vernon 2001). The Board has general authority to "adopt rules governing the operation of the hospital or hospital system." *Id.* § 281.048. The Board may appoint doctors and hire nurses, technicians, and other employees as it "considers advisable for the district's efficient operation." *Id.* § 281.028(a). Accordingly, chapter 281 states the Board's governing powers in broad terms.

Chapter 241 of the Health and Safety Code contains the general requirements to license a hospital in Texas. With certain exceptions, a hospital may not operate without a state license. *Id.* § 241.021; *see also id.* §§ 241.003(5), (7), (15) (defining "general hospital," "hospital," and "special hospital"), 241.004 (exempting state and federal hospitals, nursing homes, and private mental hospitals and facilities). Section 241.101 acknowledges the general authority of a hospital's governing body to promulgate rules and requirements concerning medical staff membership and clinical privileges. *Id.* § 241.101(a)-(b) (Vernon Supp. 2003). "Medical staff," however, is defined as certain practitioners "who *by action of the governing body of a hospital* are privileged to work in and use the facilities of a hospital." *Id.* § 241.003(8). Subsection (k) provides the specific procedure for processing applications for such membership or privileges by physicians, podiatrists, or dentists:

> A hospital's credentials committee shall act expeditiously and without unnecessary delay when a licensed physician, podiatrist, or dentist submits a completed application for medical staff membership or privileges. The hospital's credentials committee shall take action

---

[3](...continued)
by the chief of staff, and three individuals selected by the chief executive officer. Additionally, the chair of the Board is an ex-officio member. Request Letter, *supra* note 1, at 2.

> on the completed application not later than the 90th day after the date on which the application is received. The *governing body of the hospital shall take final action* on the application for medical staff membership or privileges not later than the 60th day after the date on which the recommendation of the credentials committee is received. The hospital must notify the applicant in writing of the hospital's final action, including a reason for denial or restriction of privileges, not later than the 20th day after the date on which final action is taken.

*Id.* § 241.101(k) (emphasis added). Thus, while section 241.101(k) recognizes that a credentials committee may review an application for staff membership or privileges, the statute expressly reserves final action for the hospital's governing body.

Chapter 241 further directs the Texas Board of Health ("TBH") to promulgate hospital licensing rules. *Id.* § 241.026(a). Like section 241.101(k) of the Health and Safety Code, TBH rules call for the governing body to take final action on applications for staff membership or privileges. *See* 25 TEX. ADMIN. CODE §§ 133.2(24) (2003) (defining "governing body" as the "governing authority of a hospital which is responsible for a hospital's organization, management, control, and operation, including appointment of the medical staff"), 133.2(34) (defining "medical staff" as certain practitioners granted privileges "by action of the governing body of a hospital"), 133.41(f)(4)(K)(ii) (stating that the "governing body of the hospital shall take final action on the application for medical staff membership or privileges"), 133.41(k)(1) (stating that a medical staff includes physicians, podiatrists, and dentists "appointed by the governing body"), 133.41(k)(1)(B) (imposing duty on medical staff to examine credentials of candidates for membership and "make recommendations to the governing body").

Chapter 241 directs TBH to consider, when it promulgates hospital licensing rules, the standards promulgated by a professional organization, the Joint Commission on Accreditation of Healthcare Organizations ("JCAHO"), and "attempt to achieve consistency with those . . . standards." TEX. HEALTH & SAFETY CODE ANN. § 241.026(b) (Vernon Supp. 2003). JCAHO standards permit a hospital's governing body to "elect to delegate the authority to render initial appointment, reappointment, and renewal or modification of clinical privileges decisions to a committee of the governing body." Joint Commission on Accreditation of Healthcare Organizations, Hospital Accreditation Standards, MS.5.1.1 (2003) ("JCAHO Standards").

You suggest that to achieve consistency with JCAHO standards, chapters 241 and 281 of the Health and Safety Code and related administrative rules should be interpreted to allow the Board to delegate its credentialing approval to the professional affairs committee. However, the plain language of the hospital licensing statutes will not support such a construction. Section 241.101(k) unequivocally provides that "[t]he governing body of the hospital shall take final action on the application for medical staff membership or privileges." TEX. HEALTH & SAFETY CODE ANN. § 241.101(k) (Vernon Supp. 2003). Under section 241.003(8), a hospital's medical staff only includes those who have received privileges "by action of the governing body of a hospital." *Id.*

§ 241.003(8) (defining "medical staff"). Under these statutes, the Board is the only entity authorized to appoint staff members or grant privileges. Moreover, the licensing statutes do not distinguish between applications for initial appointment or reappointment, or between short term and full term appointments. The statutes cannot be construed to include the exceptions the professional affairs committee has suggested. *Pub. Util. Comm'n v. Cofer*, 754 S.W.2d 121, 124 (Tex. 1988) ("A court may not write special exceptions into a statute so as to make it inapplicable under certain circumstances not mentioned in the statute.").

Nor do the licensing statutes and related administrative requirements conflict with the directive to TBH to consider JCAHO standards when it promulgates rules. *See* TEX. HEALTH & SAFETY CODE ANN. § 241.026(b) (Vernon Supp. 2003). JCAHO standards permit a governing body to delegate the authority to render clinical privileges decisions to a committee of the governing body. JCAHO Standards, MS.5.1.5 (2003). JCAHO standards also permit a chief executive officer or his or her designee to grant temporary clinical privileges, *id.* MS.5.14.4, although that authority is not intended to be exercised routinely because of administrative delay in processing applications.[4] However, JCAHO standards were formulated "'as *ultimate goals* and not as universal minimal standards.'" *Denton Reg'l Med. Ctr. v. LaCroix*, 947 S.W.2d 941, 951 (Tex. App.–Ft. Worth 1997, writ dism'd by agr.) (quoting 2 GRIFFITH, TEXAS HOSPITAL LAW § 3.032, at 65 (2d ed. 1995)). Section 241.026(b) of the code directs that TBH consider JCAHO standards when it promulgates rules and regulations, and "attempt to achieve consistency" with those standards. TEX. HEALTH & SAFETY CODE ANN. § 241.026(b) (Vernon Supp. 2003). The statute does not mandate strict consistency with JCAHO standards, nor prohibit TBH from promulgating more stringent rules and regulations. In this case, the administrative rules and regulations are in accord with the statutory requirements in chapter 241, that the governing body take the final action on medical staff applications. Consequently, these statutory and administrative requirements control over inconsistent JCAHO standards. We conclude that the Board may not delegate its duty to take final action on an application to reappoint medical staff and renew privileges to the professional affairs committee.

Although chapter 241 of the Health and Safety Code requires the Board to make the final decision with respect to hospital medical staff such as doctors, podiatrists, and dentists, the code does not provide similar restrictions with respect to other health professionals. Section 241.105(a) authorizes the governing body to establish policies concerning the advanced practice nurses and physicians assistants, but does not specify a particular process. The Code does not address credentialing of other professionals such as the hospital's perfusionists or autotransfusionists.

A hospital district may only exercise those powers expressly delegated to it by the legislature, or those existing by clear and unquestioned implication. *Mascarenhas v. Meridian Hosp. Auth.*, 560 F.2d 683 (5th Cir. 1977) (citing *Tri-City Fresh Water Supply Dist. No. 2 v. Mann*, 142 S.W.2d 945, 946 (Tex. 1940) with respect to the authority of special districts); *Jackson County Hosp. Dist. v. Jackson County Citizens for Continued Hosp. Care*, 669 S.W.2d 147, 154 (Tex. App.–Corpus Christi

---

[4]JCAHO, Clarifications, Use of Temporary Privileges, *available at* http://www.jcaho.org/accredited+organizations/behavioral+health+care/standards/clarifications/use+of+temporary+privileges.htm

1984, no writ); Tex. Att'y Gen. Op. No. JC-0268 (2000). As noted previously, however, chapter 281 grants the Board broad powers of hospital governance, including the authority to promulgate rules and employ health professionals. TEX. HEALTH & SAFETY CODE ANN. §§ 281.028, 281.047-.048 (Vernon 2001). These express grants of authority contemplate that the Board may delegate some details of management to its agents and employees. *See Bache Halsey Stuart Shields, Inc. v. Univ. of Houston*, 638 S.W.2d 920, 927 (Tex. App.–Houston [1st Dist.] 1982, writ ref'd n.r.e.) (holding that broad grant of authority to university board of regents authorized it to delegate investment responsibilities to employee). Moreover, unlike the Board's express duty to take the final action for extending membership and privileges to hospital medical staff in section 241.101(k), section 241.105(a) requires only that the Board establish credentialing procedures. Consequently, we conclude that the Board has the authority to amend the hospital's bylaws to allow temporary credentialing of its allied health professionals by its professional affairs committee.

## S U M M A R Y

A hospital district board, as the governing body of a hospital, may not delegate its duty to take final action on applications for renewal of medical staff membership or privileges for doctors, podiatrists, and dentists. A hospital district board may delegate the credentialing of its allied health professionals such as advanced practice nurses, physicians assistants, and perfusionists or autotransfusionists.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee